Ronald LISTLE, et al., Plaintiffs,

v.

MILWAUKEE COUNTY, and Milwaukee County Pension Board, Defendants.

No. 95–C–1261.

United States District Court, E.D. Wisconsin.

Dec. 10, 1996.

Dunlap & Associates by Kenneth J. Dunlap, Milwaukee, WI, for Plaintiffs.

Milwaukee County Corporation by Mark A. Grady, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs, fifty-six former employees of Milwaukee County who retired between January 1, 1994 and November 29, 1994, have moved for leave to amend their complaint and to proceed as a class action. For the reasons stated below, I will grant both motions.

The plaintiffs, in their original complaint, filed on November 24, 1995, alleged that the defendants, Milwaukee County ["the County"] and the Milwaukee County Pension Board ["the Board"], violated the plaintiffs' federal and state constitutional rights by granting additional retirement benefits to Milwaukee county employees who retired on or after November 30, 1994. The plaintiffs' complaint further alleges that the defendants did not meet their state law fiduciary duty to the retirees by not acting truthfully and fairly in regard to trust monies and that the county also violated the terms of its collective bargaining agreement.

Motions seeking class certification are governed by Rule 23, Federal Rules of Civil Procedure. Rule 23(a) outlines the four mandatory prerequisites to the successful maintenance of a class action:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class. The moving party must also show that a class may be certified under one of the three subdivisions of Rule 23(b). The plaintiffs allege that the class could be maintained under Rule 23(b)(1)(B) because "the prosecution of separate actions by or against individual members of the class would create a risk of . . . adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests" Although the plaintiffs do not specifically argue that the class also could be maintained under Rule 23(b)(3), which allows the formation of a class when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy," the allegations in their proposed amended complaint certainly show that the plaintiffs believe that they also could succeed under that subsection. Specifically, the plaintiffs argue that there are "common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class."

The motions presently before the court are not the first such motions by the plaintiffs. The plaintiffs first moved for leave to amend their complaint and to proceed as a class action on March 25, 1996, estimating that the class would consist of no less than 203 former employees of the county who retired between January 1, 1994 and November 29, 1994. The court, in a decision and order dated May 16, 1996, denied the motion, finding that the plaintiffs had not met the "typicality" requirement of Rule 23(a)(3) because a "unique reliance defense may render a named plaintiff atypical for class certification" and that the court could not determine that a unique reliance defense would not arise in this case. I did, however, reject the defendants' argument that the plaintiffs' class designation itself is ambiguous because "it can readily be determined who fits into this class."

The plaintiffs moved on June 27, 1996, for a second time, for leave to amend their complaint and to proceed as a class. In its August 19, 1996 decision and order the court noted that the plaintiffs had proved that their state law misrepresentation claim concerns the defendants fiduciary duty to *all* the plaintiffs and thus, the unique reliance defense would not arise. I concluded that the plaintiffs had cured the deficiencies noted in the earlier decision and that they satisfied the typicality requirement of Rule 23(a)(3) as to their misrepresentation claim. In discussing the plaintiffs' constitutional claim, I noted that the defendants had challenged neither the plaintiffs' argument that the representative plaintiff's claim would be typical of the other members of the proposed class nor their argument that there was a predominance of common issues with respect to that claim. Finally, the court found that the plaintiffs had not proved that their third claim—that the county violated the terms of its collective bargaining agreement—satisfied the requirements of Rule 23. Indeed, the plaintiffs' amended complaint acknowledges that only "some of the plaintiffs" were protected by the union contract or were members of the particular union governed by the collective bargaining agreement.

The plaintiffs, in their present motion for leave to amend the complaint and to proceed as a class, state that since it is the claim against the county for a violation of the collective bargaining agreement that prevents the formation of a class, they will amend their complaint by withdrawing that count. In their response, the defendants state that they "continue to oppose class certification for the reasons set forth in their prior briefs," but that they "recognize that this court has rejected their arguments with respect to the first and second causes of action." They conclude that if the court allows the plaintiffs to withdraw their third cause of action, "this court's prior rulings would appear to indicate that class certification is appropriate for the first and second causes of action."

■ The questions presented in the plaintiffs' first two counts—whether the defendants did indeed fail to inform the plaintiffs of their intent to improve retirement benefits after the plaintiffs retired, whether this failure was a breach of the defendants' fiduciary duty, and whether the defendants violated the plaintiffs' state and federal constitutional rights—do present common legal and factual issues. I also find that it would be impracticable to join more than 203 plaintiffs and that the named plaintiffs will adequately and fairly protect the interests of the class.

■ I must now address the question of which Rule 23(b) category is appropriate in certifying the class. As noted above, the plaintiffs' proposed amended complaint asserts that the class is one that should be certified under Rule 23(b)(1)(B) because individual adjudications would be dispositive of other class members' interests. Certification of a class under this subsection, however, is usually based upon the defendant's having a limited fund from which to satisfy any judgment against it. Indeed, courts have denied class certification under Rule 23(b)(1)(B) because the plaintiffs failed to produce evidence of such a limited fund. *See, e.g., Fogie v. Rent-A-Center, Inc.,* 867 F.Supp. 1398, 1403 (D.Minn.1993); *see also* 7A Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure § 1774 (2d ed. 1986) ("An obvious example of the type of action to which Rule 23(b)(1)(B) is applicable is one in which the class members have claims against a fund that may prove insufficient to satisfy all of them.").

Because the plaintiffs have offered no evidence that the defendants have a limited fund from which to pay any judgment against them, and because I find that the only remaining questions in this case are ones that are common to the group and that predominate over any individual questions, the court will certify the class pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure. Rule 23(c)(2), however, requires that when a class is certified under Rule 23(b)(3), each class member be notified of the case, and that the member be given the choice to "opt out." I will therefore direct the plaintiff's attorney to notify each class member who can be identified through reasonable effort of this action. Those members will then be

given a period of time within which to request exclusion from the class.

Therefore, IT IS ORDERED THAT the plaintiffs' motion for leave to amend their complaint and to withdraw count three be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' motion for leave to proceed as a class of all Milwaukee county employees who retired between January 1, 1994 and November 29, 1994, be and hereby is granted.

IT IS FURTHER ORDERED that, pursuant to Rule 23(c)(2), Federal Rules of Civil Procedure, the plaintiffs' attorney advise each and every class member who can be identified through reasonable effort that the court will exclude that member from the class if that class member so requests within forty (40) days after the date of this order, that the judgment, favorable or not, will include all members who do not request exclusion, and that any member who does not request exclusion may enter an appearance through counsel.

IT IS FURTHER ORDERED that no costs be awarded in connection with the instant action.